UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HIGH SIERRA HOLISTICS, LLC, | Case No. 3:19-CV-00270-LRH-CBC |
| Plaintiff, | |
| v. | ORDER |
| THE STATE OF NEVADA, DEPARTMENT OF TAXATION, DOES 1-10 and ROE CORPORATIONS 1-10, | |
| Defendants. | |

This case was removed from state court under federal question jurisdiction. Plaintiff, High Sierra Holistics ("HSH"), has filed a statement of clarification (ECF No. 8) concerning the statement regarding removal filed by defendant, the Nevada Department of Taxation (Taxation"), (ECF No. 5). HSH asks the Court to consider whether removal was proper and argues that Taxation failed to file a timely notice of removal. The Court finds that removal was proper and that this Court has jurisdiction over this case.

**I. Background**

This action concerns the State of Nevada's licensing of recreational marijuana dispensaries. HSH's complaint was filed on January 16, 2019, in Second Judicial District Court for the State of Nevada (ECF No. 1). HSH pled seven causes of action: (1) declaratory relief; (2) injunctive relief; (3) violation of due process under the Nevada and United States Constitutions; (4) violation of substantive due process under the Nevada and United States Constitutions; (5) violation of equal

1

protection under the Nevada and United States Constitutions; (6) petition for judicial review; and (7) petition for writ of mandamus. (*Id.*) Taxation is responsible for licensing and regulating retail marijuana businesses, and it is the sole defendant in this case.

HSH delivered a copy of the summons and complaint to Taxation in Carson City on January 23, 2019. (ECF No. 8-1 at 3). On April 1, 2019, Taxation sent HSH a letter regarding service of the complaint and summons alerting HSH that service had not been completed under NRS §41.031(2). (ECF No. 8-2). The parties agree that the State of Nevada accepted service of the complaint and summons through the Nevada Attorney General's Office on April 24, 2019.

## II. Service of Process and Timeliness of Removal

Under 28 U.S.C. § 1446(b)(1), the notice of removal must be filed within 30 days of defendant's receipt of the initial pleading or within 30 days after the service of summons upon the defendant if service of the initial pleading is not required, whichever period is shorter. In an action against the State of Nevada, the summons and a copy of the complaint must be served upon: (a) "the Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City, and (b) the person serving in the office of administrative head of the named agency." NEV. REV. STAT. § 41.031(2); NEV. R. CIV. P. 4.2(d). *See also Baca v. Ninth Judicial Dist. Court of Nev.*, 2014 WL 2702695, at *3 (Nev. Jun. 12, 2014) (notice is not a substitute for service of process and when a party fails to properly serve the summons and complaint on the state within 120 days of filing the complaint, the case should be dismissed).

The Nevada Rules of Civil Procedure were amended on March 1, 2019. HSH argues that prior to the amendment, and at the time the complaint and summons were served on Taxation (January 24, 2019), service was proper under the old Rule 4 of the Nevada Rules of Civil Procedure because it did not require service on the Attorney General. This argument is unavailing. NRS 41.031(2) provides a limited waiver of sovereign immunity and outlines the procedural requirements for serving process on the state of Nevada. By the plain text of the statute, it is clear that proper service on the state must include personal service on the Attorney General or a designated person within the Office of the Attorney General. NRS 41.031 was last amended in 2003, and HSH should have been aware of the service requirements. *See e.g.*, *Johnson v. Clark*

*Cnty. Sch. Dist.*, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016) ("[The plaintiff] had not properly served CCSD with process pursuant to NRS 41.031(2) –by serving both the Nevada Attorney General's office and the administrative head. . . "); *Baca v. Ninth Judicial Dist. Court of Nev.*, 2014 WL 2702695, at *1 (Nev. June 12, 2014). Even if HSH was correct in asserting that service would have been proper under NRCP Rule 4 prior to the amendment, NRS 41.031(2) is and was controlling in this case at the time of service, thereby rendering HSH's January 24, 2019 service of process incomplete.

Even if removal had been untimely, HSH has waived the issue because it did not timely file a motion to remand within 30 days after receiving notice of removal. The proper procedure for challenging removal is to file a motion to remand. 28 U.S.C. § 1447(c). District courts have no authority to remand a case because of procedural defects without plaintiff first filing a motion to remand. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017) (citing *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014)); *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (holding that untimely removal was a procedural defect). Here, removal was proper, there is no procedural defect, and even if removal was untimely, HSH did not file a formal motion to remand within the 30-day window. All the Court has received is Taxations's statement regarding removal (ECF No. 5), HSH's clarification concerning Taxation's statement regarding removal (ECF No. 8), and Taxation's response to the clarification (ECF No. 11). HSH has not identified any basis for the Court to remand the action back to state court.

### III. Jurisdiction

HSH also challenges this Court's jurisdiction over this case. District courts of the United States have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case should be remanded to state court. 28 USCS § 1447(c). On its face, HSH's complaint asserts claims for procedural due process, substantive due process and equal protection arising under the U.S. Constitution. (ECF No. 1-2 at 7-9). HSH raises several challenges to original jurisdiction in its "clarification" made in response to Taxation's statement regarding removal.

HSH argues that Taxation has conceded that this Court does not have subject matter jurisdiction over this case because Taxation has raised certain affirmative defenses.[1] "The presence or absence of federal-question jurisdiction that will support removal is governed by the 'well-pleaded complaint rule,' under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In other words, "[t]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113. (9th Cir. 2000).

HSH's complaint unequivocally asserts claims for violations of procedural due process, substantive due process, and equal protection premised on the United States Constitution. HSH's own complaint defeats its claim that this Court does not have subject matter jurisdiction over this case. Accordingly, there is no need for the Court to address each of the affirmative defenses in which HSH claims that Taxation conceded that the court does not have jurisdiction.

### IV. Eleventh Amendment Immunity

HSH further argues that the case should be stayed pending Taxation's purported waiver of its rights under the Eleventh Amendment. (ECF No. 8 at 3). But Taxation has not asserted Eleventh Amendment immunity in this case, and it has represented to the court that it does not intend to do so. There is no basis on which to grant a stay.

WHEREFORE, the court confirms that Taxation's removal was timely, the court has jurisdiction over this case and there is no basis upon which to grant a stay of this case.

IT IS SO ORDERED.

DATED this 9th day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Specifically, HSH points to the following affirmative defenses: (a) The U.S. Constitution does not protect the right to engage in a business that is illegal under federal law; (b) this Court lacks jurisdiction to hear HSH's claims, and (3) Taxation is immune from liability pursuant to NRS 41.031.

4