HOLLEY, DRIGGS, WALCH,
FINE, PUZEY, STEIN & THOMPSON
James W. Puzey, Esq. (NV Bar No. 5745)
Michael Ayers, Esq. (NV Bar No. 10851)
800 South Meadows Parkway, #800
Reno, Nevada 89521
Telephone: 775-851-8700
Facsimile: 775-851-7681

*Attorney for High Sierra Holistics, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| HIGH SIERRA HOLISTICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, DEPARTMENT OF TAXATION, DOES 1-10 and ROE CORPORATIONS 1-10,<br><br>Defendants. | Case No. 3:19-CV-00270-LRH-CBC<br><br>**STIPULATED MOTION AND PROPOSED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND INADVERTENT DISCLOSURE ORDER** |

Plaintiff, High Sierra Holistics ("Plaintiff"), and Defendant State of Nevada, Department of Taxation of ("Defendant" individually and collectively "the Parties"), hereby respectfully move the Court for entry of a Protective and Inadvertent Disclosure Order. The Parties seek to maintain the confidentiality of certain documents by governing their handling and to protect documents subject to the attorney-client privilege or work product doctrine, pursuant to Federal Rules of Civil Procedure 26(c)(1)(G) and Federal Rules of Evidence 502(d), and in support thereof states as follows:

The Parties' proposed order is intended to permit and restrict the exchange of confidential information and documents during discovery. For example, the Parties seek to protect discoverable documents and materials relating to items such as (1) the materials, policies and procedures, and business plans for Plaintiff and other applicants who submitted applications to Defendant ("Other Applicants") for a marijuana license, (2) Plaintiff's and other Applicants' board members, owners and other persons who submitted personal information, including but not limited to banking and financial information, in support of Plaintiff's and Other Applicants' applications for a marijuana

license, (3) the Parties' personal and confidential employee information, (4) Defendant's internal and confidential security information for its computer systems, and (5) other trade secret information maintained by the Parties and other Applicants (collectively "Confidential Information"). The basis for this Motion is several fold: 1) to protect confidential and sensitive and confidential information as this matter deals with applications for a marijuana license issues, 2) to protect confidential and sensitive personal and/or business information, and 3) to protect disclosure of trade secrets and other confidential information resulting from Plaintiff's and Other Applicants' investment of millions of dollars from the public and/or competitors. Such confidential and trade secret information is generally not known to competitors and not made available to the public.

Should the Parties' or Other Applicants' confidential information become available to the public, it would result in a windfall for other businesses involved in providing similar services. In addition, it would place Plaintiff and Other Applicants at a disadvantage competitively because they could lose the edge they have over other similar businesses that have not made similar investments in training, development of systems, and procedures. Moreover, it could lead to fraud and identity theft because Defendant and Other Applicants' owners, members and other persons provided personal financial information, which could lead to this information be used to harm these persons' personal interest. Lastly, some of the information may involve Defendant's computer systems, including but not limited to information about its network, which could provide a path for hackers to use this information and compromise Defendant's computer systems. Public disclosure of these materials would clearly harm the Parties, Other Applicants and other persons who provided financial and personal information. That type of knowledge could reasonably negatively impact all involved.

In light of the above, the Parties respectfully request the Court enter the proposed Protective Order.

| | |
|---|---|
| DATED August 9, 2019 | DATED: August 9, 2019 |
| **HOLLEY, DRIGGS, WALCH, FINE, PUZEY, STEIN & THOMPSON** | **AARON D. FORD (Attorney General)** |
| /s/ Michael R. Ayers | /s/ David J. Pope |
| James W. Puzey, Esq. (NV Bar No. 5745) | Steve Shevorski (Bar No. 8256) |
| Michael Ayers, Esq. (NV Bar No. 10851) | Ketan D. Bhirud (Bar No. 10515) |
| 800 South Meadows Parkway, #800 | Theresa M. Haar (Bar No. 12158) |
| Reno, Nevada 89521 | David J. Pope (Bar No. 8617) |
| | Robert E. Werbicky (Bar No. 6166) |
| Attorneys for High Sierra Holistics | Office of the Nevada Attorney General |
| | 555 E. Washington Avenue, Suite 3900 |
| | Las Vegas, Nevada 89101 |
| | Attorneys for State of Nevada, Department of Taxation |

3

## PROTECTIVE AND INADVERTENT DISCLOSURE ORDER

Plaintiff, High Sierra Holistics ("Plaintiff"), and Defendant State of Nevada, Department of Taxation of ("Defendant" individually, and collectively referred to as "the Parties" or singularly as "a Party"), having agreed to the entry of a Protective and Inadvertent Disclosure Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Federal Rules of Evidence 502(d), and the Court being fully advised,

IT IS HEREBY ORDERED:

1. For the purposes of this Order, the following definitions shall apply:

    a. Confidential Information: Generally, information subject to disclosure containing personal information, financial information, trade secrets or other confidential research, including, but not limited to, formulas, methods, or development plans, confidential business information such as marketing plans, customer lists, financial information, sales figures, advertising expenditures, pricing plans, and balance sheets, supplier identities, business plans, license agreements, computer system processes/security or other information which could put the producing person or entity at a competitive or financial disadvantage if the information became known to the Receiving Party or other information reasonably believed to be confidential. Information, the whole of which is publicly available, should not be designated as "Confidential" or "Attorneys Eyes Only."

    b. CONFIDENTIAL Designation: Documents not previously disclosed to the public should be designated "Confidential" when such documents contain confidential information that may be reviewed by the Receiving Party, but must be protected against disclosure to third parties.

    c. ATTORNEYS' EYES ONLY Designation: Documents not previously disclosed to the public should be designated "Attorneys' Eyes Only" when such documents contain confidential information that 1) may only be reviewed by counsel for the Receiving Party who, or 2) may only be reviewed by agreed upon named representatives of the Receiving Party and their counsel and must be protected against disclosure to third parties.

    d. The "Producing Party" is the Party that provides CONFIDENTIAL / ATTORNEYS' EYES ONLY Information.

e.  The "Receiving Party" is a Party that receives CONFIDENTIAL / ATTORNEYS' EYES ONLY Information.

f.  An "Inadvertently Produced Document" is a document that a Party to this litigation provides to the opposing Party in this case, but that should have been withheld by the Producing Party, in whole or in part, based on a claim of privilege, work-product protection, confidentiality or other restrictions on disclosure, and for which the Producing Party provides the notice required in this Order.

2.  When used in this Order, the word "document" means all written, recorded, or electronically stored material of any kind, and copies thereof (whether identical or not identical) including, but not limited to, interrogatory answers, production responses, requests to admit and responses thereto, documents, as defined in the Federal Rules of Civil Procedure or in the discovery requests in this action, or physical items produced by any Party or non-party in this action whether pursuant to subpoena, court order, discovery requests, or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

3.  Information produced by any party or non-party in this action may be designated by the Producing Party(ies) as "Confidential" or "Attorneys Eyes Only." Information designated "Confidential" or "Attorneys Eyes Only" may be used only in connection with this litigation, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order and the Parties shall exercise due care regarding storage, custody, and use.

4.  The protections of this Order may be used by third parties that are called upon to provide documents, information or testimony in this case by following the provisions of this Order.

5.  Discoverable documents protected under this order and shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and/or may be redacted. Relevant and discoverable documents that are protected under this order and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and/or may be redacted, include items such as materials, policies and procedures of the Parties, Parties' internal reports, notes and logs, the Parties' personal financial and employee information maintained by the Parties, trade secret information, and may

include other documents as determined by the designating party not specifically addressed herein. Nothing herein shall be construed as an agreement or requirement by the Parties to produce specific types of documents, and the Parties specifically reserve their rights to challenge any request for documents that may also contain Confidential Information.

6. Any Party producing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the Party has a reasonable and good faith belief the material contains Confidential Information.

7. Any Confidential Information not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth in paragraph 6, including data contained in any electronic form, shall be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by informing the Receiving Party in writing that all of the information is either CONFIDENTIAL or ATTORNEYS' EYES ONLY. If any Party produces Confidential Information stored electronically, including but not limited to production of magnetic diskettes or downloaded or uploaded files transferred by any method including electronic mail, then all of that information retains its CONFIDENTIAL or ATTORNEYS' EYES ONLY nature regardless of whether the information is manipulated or converted to any other media, including, but not limited to, the creation of print-outs or other hard copies and conversations, or manipulation of data for conversation or manipulation for processing by any other computer hardware or software.

8. In the instance of deposition testimony, the witness under deposition or his or her counsel shall invoke the provisions of this Order in a timely manner and designate the level of restriction. During the deposition, unauthorized persons shall be excluded from testimony designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" as applicable under this Order. The witness under deposition or his or her counsel shall have the right to designate or change the level of restriction within a thirty (30) day period after the deposition. Any part of deposition testimony in this case may be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by advising the reporter and all Parties of such fact, or by notifying the reporter and all Parties in

writing within thirty (30) days of the receipt of the transcript by the deponent or deponent's counsel. Deposition testimony marked CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be given to no one other than people described in paragraphs 11 and 12. Any CONFIDENTIAL or ATTORNEYS' EYES ONLY testimony must be marked, treated, used and/or disclosed only as provided in this Order.

9. If opposing counsel objects to the designation of certain information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or dispute concerning who may view such information, he or she shall promptly inform the other Parties' counsel in writing of the specific grounds of objection. Counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within fourteen (14) days of providing written notice of the objection, and the information shall continue to have CONFIDENTIAL or ATTORNEYS' EYES ONLY status from the time it is produced until the ruling by the Court on the motion.

10. Nothing in this Order shall prevent any Party from objecting to discovery that it believes is improper.

11. Any documents and/or other information designated as "CONFIDENTIAL," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, may be made available only to:

a. Plaintiff and Defendant in this case, including officers, directors, employees, and in-house attorneys of the Parties;

b. Counsel of record for the Parties to the case;

c. Attorneys, paralegals, secretaries and other personnel employed or retained by or working under the supervision of counsel of record described in subparagraph 9(b) who are assisting in this action;

d. Court reporters and videographers used to record deposition testimony in this case;

e. Experts specifically retained as consults or expert witnesses in connection with this case, provided that the person signs a document in the form of Exhibit A attached hereto;

f.  Any other person or entity as to whom counsel for the producer or provider of the confidential information agreed in writing, or whom the Court directs, shall have access to such information, provided that the person signs a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms, before seeing CONFIDENTIAL documents; and

g.  The Court of Court personnel under seal subject to the limitations of paragraph 14.

12.  Documents and/or other information designated "Attorneys Eyes Only," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

a.  Attorneys of record for the Receiving Party, and their employees and other attorneys and/or employees of their firms directly involved in the matter, except for any persons with a present ownership or other financial interest in one or more Parties or in the outcome of this litigation;

b.  Judges, the Court and jury, law clerks and other clerical personnel of the Court before which this action is pending, under seal subject to the limitations of paragraph 14;

c.  Independent experts not associated directly or indirectly with a party whom the Receiving Party identifies to the Producing Party at least ten (10) days prior to disclosure. Such independent experts must sign a document in the form of Exhibit A, stating that he or she has read and understands this Order and agrees to be bound by its terms, before seeing ATTORNEYS' EYES ONLY documents. No such entity or person may be a former or present employee of, or have had or currently have any ownership interest in any of the Parties to this action. If the producing party has any objection to the proposed independent expert, it shall so notify the receiving party within the ten (10) day period. The Parties shall attempt to resolve any differences concerning such independent experts, but if they are unable to do so, the Receiving Party may seek relief from the Court as provided in paragraph 9 above. No disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue.

d.  Except as provided herein, deponents at their depositions shall not be given access to confidential information designated "Attorneys Eyes Only" by any party or third party, other

than the Party who has made the designation. In the event a Party intends to provide "Attorneys Eyes Only" documents to a deponent during a deposition and such deponent otherwise does not have access to such documents, the Party shall give a ten (10) day notice to counsel of the Designating Party. If there is no objection, the deponent shall comply with paragraph 13 below and be allowed to review such documents. If the Designating Party objects to the disclosure, the Receiving Party may seek relief from the Court as provided in paragraph 9 above.

13. Each person permitted by this Order to have access to Confidential Information, other than the Parties' counsel, shall, prior to being given such access, be provided with a copy of this Order for review. Upon receiving this Order, each person shall sign a statement in the form of Exhibit A hereto indicating that he or she has read the order and agrees to comply with its terms.

14. Nothing in this order shall be construed as automatically permitting a Party to file under seal. The Party seeking leave of Court shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. See Kamakana v. City & Cnty of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Additionally, such Party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such Party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.

15. Nothing contained in this Order shall preclude a Party from using its own CONFIDENTIAL or ATTORNEYS' EYES ONLY material in any manner it sees fit, or from revealing such CONFIDENTIAL or ATTORNEYS' EYES ONLY material to whomever it chooses, without prior consent of any other Party or of this Court.

16. The Parties cannot use, file or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY material in any pretrial court proceeding that is open to persons not authorized to have access to such CONFIDENTIAL or ATTORNEYS' EYES ONLY material under the terms of this Order. In the event that a Party wishes to use any CONFIDENTIAL or ATTORNEYS' EYES ONLY material in any pretrial court proceeding, affidavit, brief, memorandum of law, or other papers filed in Court in this litigation, it shall, in accordance with Local Rule IA 10-4 and 10-5, file a motion with the Court seeking leave to file the CONFIDENTIAL or ATTORNEYS'

1  EYES ONLY material under seal.

2  17.  Upon request of the Producing Party and within sixty (60) days after the final disposition of all aspects of this case by settlement, judgment, or expiration of time to appeal, all documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, including any reproductions of such documents, must be destroyed or returned to the producing Party or its counsel. At the Producing Party's request, if the documents are destroyed, the Party who has destroyed the documents must furnish an affidavit attesting to same.

18.  Nothing in this Order shall be construed to require the production of any document or ESI that a Party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

19.  Pursuant to the agreement of the Parties under Federal Rules of Evidence 502(e) and by Order of this Court under Federal Rules of Evidence 502(d), no disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Order applies to any documents or ESI disclosed, exchanged, produced, or discussed-whether intentionally or inadvertently-among the Parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation.

20.  This Order applies regardless of whether the Documents or ESI describe or relate to actions taken in this litigation, or in prior or separate litigations.

21.  Upon learning of any Inadvertently Produced Documents, the Producing Party shall promptly give all counsel of record notice of the inadvertent production. The notice shall identify the document, the portions of the document that were inadvertently produced, and the first date the document was produced. If the Party that produced a document claims that only a portion of the Inadvertently Produced Document was inadvertently produced, the Party shall provide with the notice of inadvertent production a new copy of the document with the allegedly privileged portions redacted.

22.  Upon receiving notice of an Inadvertently Produced Document, or upon determining that a document received is known to be privileged, the Receiving Party must

promptly return, sequester or destroy the specified information and any copies it has, and shall destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged information. The Receiving Party may not use or disclose the information until the claim is resolved. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved.

23.   A Party receiving documents produced by another Party is under a good faith obligation to promptly alert the Producing Party if a document appears on its face or in light of facts known to the Receiving Party to be privileged.

24.   To the extent that any Party obtains any information, documents or communications through Inadvertently Produced Documents, such information, documents and communications shall not be filed or presented for admission into evidence or sought in discovery by that Party in any action.

25.   If the Receiving Party challenges a claim that a Inadvertently Produced Document is properly privileged, the Receiving Party may in connection with a good faith challenge, make reference to the contents of the document in any paper submitted to the Court, so long as such filing is made under seal. If requested by the Receiving Party, the Producing Party shall provide such Inadvertently Produced Documents to the Court for in-camera review.

26. If the Court sustains the claim that an Inadvertently Produced Document is properly a Produced Privileged Document, the Receiving Party shall, within two (2) days of the Court's order, return the Inadvertently Produced Document and any copies it has and destroy any notes relating to the Produced Privileged Document and advise the Producing Party in writing of the destruction.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: 8/14/2019

# EXHIBIT A

1. I, _____, residing at _____, have read the foregoing Protective Order (the "Order") in the case captioned *High Sierra Holistics, LLC. v. The State of Nevada, Department of Taxation, Does 1-10 and Roe Corporations 1-10;* Court No. 3:19-CV-00271-MMD-CBC (the "Action"). I agree to be bound by its terms with respect to any documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" there under that are furnished to me as set forth in the Order.

2. I further agree: (a) not to disclose to anyone any documents, or any information contained in documents, designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" other than as set forth in the Order; and (b) not to make any copies of any documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the District of Nevada with regard to any proceedings to enforce the terms of the Order against me.

4. I hereby agree that any documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own; nor will the information contained therein be shared or otherwise imparted by me to any other person. At the conclusion of the action, I agree that all documents designed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in my possession or control, including any reproductions of such documents, must be returned to the producing Party or its counsel and that all summaries of such material and all memoranda, pleadings or other documents containing such material shall be destroyed.

_____   _____
Date                                Signature

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2019, I served a copy of the foregoing upon the party below via electronic service through the United States District Court for the District of Nevada's ECF system:

AARON D. FORD (Attorney General)
STEVE SHEVORSKI (Bar No. 8256)
KETAN D. BHIRUD (Bar No. 10515)
THERESA M. HAAR (Bar No. 12158)
DAVID J. POPE (Bar No. 8617)
ROBERT E. WERBICKY (Bar No. 6166)
Office of the Nevada Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
sshevorski@ag.nv.gov
kbhriud@ag.nv.gov
thaar@ag.nv.gov
dpope@ag.nv.gov
rwerbickey@ag.nv.gov

Attorneys for Defendants

By: /s/ Susan Matejko
An Employee of Holley Driggs Walch Fine, Puzey, Stein & Thompson